UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PULMOREHAB, LLC,**

      Plaintiff,

   v.                                            Civil Action 2:20-cv-1167
                                                  Judge James L. Graham
                                                  Magistrate Judge Chelsey M. Vascura

**MORISETTY MEDICAL ASSOCIATES, INC.,**

      Defendant.

## PRELIMINARY PRETRIAL ORDER

The parties submitted their Rule 26(f) Report on May 21, 2020, and indicated their preference that the Court issue a Preliminary Pretrial Order without a conference. Accordingly, the May 28, 2020 preliminary pretrial conference is **VACATED**.

### Rule 26(a)(1) Initial Disclosures

The parties have agreed to make initial disclosures by **June 5, 2020**.

### Jurisdiction and Venue

There are no contested issues related to venue or jurisdiction.

### Amendments to Pleadings and/or Joinder of Parties

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **July 1, 2020**.

### Motions

There are no pending motions.

**Allegations in the Pleadings and Jury Demand**

Plaintiff alleges that Defendant failed to timely pay amounts owed for medical equipment and services rendered. Plaintiff seeks to collect the sum of $309,657.18, plus interest, costs, and attorney fees. Defendant denies the allegations.

There is not a jury demand.

**Expert Disclosures**[1]

Primary expert reports, if any, must be produced by **August 7, 2020**. Rebuttal expert reports, if any, must be produced by **September 4, 2020**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by **November 30, 2020**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all

---

[1] Rebuttal/Responsive experts are strictly limited to rebutting unanticipated opinions expressed by a primary expert. When the plaintiff intends to offer no expert testimony supporting his or her claims, but the defendant chooses to offer expert testimony on them that would ordinarily constitute rebuttal/responsive testimony, the defendant's experts must make such disclosures by the first deadline.

responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties do not anticipate the production of ESI.

The parties intend to seek entry of a protective order or clawback agreement. The Court **ADVISES** the parties that any agreed protective order addressing matters relating to privileged and confidential information must not contain a provision permitting the parties discretion to file documents with the Court under seal. Documents may be filed under seal only with leave of Court upon a showing of good cause in accordance with Local Rule 5.2.1.

**Dispositive Motions**

Case dispositive motions must be filed by **December 10, 2020**.

**Settlement**

Plaintiff shall make a settlement demand by **June 5, 2020**. Defendants shall respond by **June 10, 2020**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **July 2020**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE